MARY MANNING, Appellant and Respondent, v. JOHN B. MANNING, Respondent and Appellant.

*Referee's decision inconsistent with the pleading — when an action for an accounting is not established.*

The complaint in an action alleged in its first paragraph that at various times plaintiff had paid and delivered to and deposited with the defendant certain sums of money for the purpose of investment and for speculation in the purchase of stocks, bonds and personal property on her account. In the second paragraph thereof it was alleged that the defendant had made large profits therefrom on her account, and that he had neglected and refused, on demand, to account therefor or to deliver to the plaintiff said property in his hands belonging to her; that the defendant had stated to the plaintiff that there was on deposit in various savings banks in the city of New York a sum of money belonging to her, deposited in her name, and also that he had in his possession of her property certain securities and stocks in said complaint named, and demanded judgment that the defendant pay over to the plaintiff such property, and that he render an account of all his dealings and operations with her money and property and pay over to her the balance that might be found to belong to her.

The answer denied each and every allegation in the complaint.

Upon the termination of the plaintiff's case a motion was made by the defendant's counsel to dismiss the complaint on the ground that the plaintiff had not shown facts sufficient to entitle her to an accounting, and upon the ground that the plaintiff had not shown facts sufficient to establish the fact that any account had ever been opened by her with the defendant by advancing money to the defendant for the purposes of such account, and also that the plaintiff had failed to make out a cause of action in any aspect of the case, either at law or in equity. This motion was denied, the referee stating as the ground of the denial of the motion that there was some evidence that the plaintiff had delivered to and deposited with the defendant a certain sum of money for investment and speculation.

The referee in his report stated as a ground of his decision that while the plaintiff had failed to establish the first paragraph of her complaint, yet, that she had proved facts, which were substantially though imperfectly alleged in the second paragraph thereof, which entitled her to the relief prayed for; that the defendant had opened an account in plaintiff's name for the purpose of speculating in stock, and that all stock purchased was charged against it, and thus only income, interest and profits became the property of the account, and that there had resulted as income and profits therefrom certain stocks, bonds and money, which had either been delivered to and accepted by the plaintiff or were the proceeds of the sale of stocks and bonds which had been so delivered, and that at the time of the opening of said account the defendant intended to make a gift of the income and profits thereof to the plaintiff.

FIRST DEPARTMENT, OCTOBER TERM, 1895.          [Vol. 89.

*Held*, that the only cause of action alleged in the complaint was that the plaintiff had deposited with the defendant certain sums of money for the purpose of investment and speculation on her account, and that the defendant had made large profits therefrom;

That the recovery allowed by the referee was not based upon any such allegation but was allowed upon an alleged gift *inter vivos* of the profits of a broker's account;

That there was no ground established for an action in equity for an accounting, and that the judgment should be reversed.

APPEAL by the plaintiff, Mary Manning, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 22d day of March, 1895, upon the report of a referee.

Also an appeal by the defendant, John B. Manning, from so much of the decision and report of a referee, filed in the office of the clerk of the county of New York on the 6th day of March, 1895, as decides that the defendant shall render to the plaintiff an account of all the interest, income and profits arising out of or resulting from the account opened by him in her name on or about February 26, 1881, and that he pay over and deliver to her all certificates of stock, bonds, bank notes, money or other property which, upon said accounting, may be found so to be due her. And, also, from the interlocutory judgment entered upon said report in the office of the clerk of the county of New York on the 22d day of March, 1895.

*Robert D. Murray*, for the plaintiff.

*John A. Straley*, for the defendant.

VAN BRUNT, P. J.:

The complaint in this action alleges in its first paragraph that heretofore at various times the plaintiff had paid to, delivered to, and deposited with the defendant certain sums of money for the purpose of investment and for speculation in the purchase of stocks, bonds and personal property on her account.

The complaint further alleges in the second paragraph thereof, upon information and belief derived from the statements of the defendant, that he had made large profits therefrom on her account, and alleged that the defendant had neglected and refused, on demand, to account to the plaintiff for said profits, or to deliver

to her the stocks, bonds, money and personal property in his hands belonging to her, and that, among other things, defendant had stated to her that there was on deposit in various savings banks of the city of New York a sum in excess of $3,500, belonging to the plaintiff and deposited in plaintiff's name; and that the defendant had stated that he had in his possession, of her property, among other stocks and securities, 100 shares of the preferred stock of the Chicago and Northwestern Railroad Company, 100 shares of the stock of a railroad company designated as Omaha Common, five shares of the stock of the New York Central and Hudson River Railroad Company, and other stocks named in the complaint.

The plaintiff demanded judgment that the defendant pay over to her such money belonging to her as he had deposited in any savings bank, that he deliver to her the bank books and vouchers therefor, and all certificates of stock belonging to her or representing stocks purchased for her, and all bonds belonging to her or purchased for her account; and that he render an account of all his dealings and operations with the money and property of the plaintiff, and pay over to her the balance that might be found to belong to her, with costs.

The defendant answered, denying each and every allegation in the complaint.

Upon the termination of the plaintiff's case a motion was made by the defendant's counsel to dismiss the complaint on the ground that the plaintiff had not shown facts sufficient to entitle her to an accounting; and upon the ground that the plaintiff had not shown facts sufficient to establish the fact that any account was ever opened by her with Mr. Manning, by advancing money to Mr. Manning for the purposes of that account; and also upon the ground that the plaintiff had failed to make out a cause of action in any aspect of the case, either at law or in equity.

This motion was denied, and the defendant excepted. The defendant's counsel thereupon asked the referee to state the ground of his refusal, and the referee stated the ground to be because there was some evidence that the plaintiff had delivered to and deposited with the defendant a certain sum of money for investment and speculation.

The case then proceeded and was finally submitted on both sides to the referee. The referee filed his report, stating, among the

First Department, October Term, 1895. [Vol. 89.

grounds of his decision, that while the plaintiff had failed to establish paragraph first of her complaint, yet she had proved facts which were substantially though imperfectly alleged in paragraph second thereof, and which entitled her to the relief prayed for; and that it was proved that the defendant, who was plaintiff's husband, and who was engaged in business as a stock broker, had opened an account in her name for the purpose of speculating in stock, and that all stock purchased, even that with which the account was opened, was charged against it, and thus only income, interest and profits became the property of the account; and that this account had been continued to the present time, and that there had resulted as income and profits therefrom certain stocks, bonds and money which were in defendant's possession, or subject to his control, but which had either been delivered to and accepted by the plaintiff, or were the proceeds of the sale of stocks and bonds which had been so delivered; and that at the time of opening said account the defendant intended to make a gift of the income and profits thereof to the plaintiff.

It is apparent upon reading the complaint that the cause of action alleged, and the only cause of action alleged, is that the plaintiff had deposited with the defendant certain sums of money for the purposes of investment and speculation on her account, and that the defendant had made large profits therefrom (namely, from the sums of money deposited by the plaintiff with him for the purposes of investment and speculation) which he had neglected and refused on demand to account for to the plaintiff; and that he had further refused to deliver to her stocks, bonds and personal property in his hands belonging to her, the allegation evidently referring to stocks, bonds, money and personal property which were the result of the money deposited by her with him for investment and speculation. Then follows an allegation that there are certain sums of money on deposit and certain stocks held by him which he refuses to deliver.

Upon this complaint, based entirely upon the allegation of deposits of money by the plaintiff with the defendant for investment and speculation, a recovery is allowed to be had for a claimed gift *inter vivos* of the profits of a broker's account.

It seems to us that no such cause of action is alleged in the complaint. When the motion was made to dismiss the complaint, upon

the ground that no cause of action was made out either in law or in equity, it was not intimated that the complaint could be upheld upon any such ground, and the referee expressly placed his refusal to dismiss the complaint upon the ground that there was some evidence that the plaintiff had deposited with the defendant a certain sum of money for the purposes of investment and speculation. By his subsequent report the referee has found that there was no foundation for any such claim, and gives judgment upon a ground which is not even hinted at in the complaint. It is not necessary in this condition of the pleadings for us to discuss the question as to whether any cause of action was made out. There was certainly no ground established for this action in equity for an accounting.

The judgment should be reversed upon the defendant's appeal and a new trial ordered before another referee to be appointed by this court, with costs of appeal to the defendant to abide the event.

FOLLETT and PARKER, JJ., concurred.

Judgment reversed upon defendant's appeal and new trial ordered before another referee to be appointed by this court, with costs of appeal to defendant to abide event.